UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES KIRKLAND,

        Plaintiff,                Case No. 1:08-cv-861

v.                                         Honorable Robert Holmes Bell

KENNETH MCKEE et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff presently is incarcerated at the Carson City Correctional Facility, but he complains of events that occurred at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, Plaintiff sues the following IBC employees: Warden Kenneth McKee, Resident Unit Manager Mitch Vroman, and Psychologist Marilynn Brown.

On or about May 13, 2007, Defendant Vroman witnessed Plaintiff yelling through the yard fence to a visitor, his former fiancé. Defendant Vroman allegedly called the IBC Control Center to report Plaintiff. Soon thereafter, Plaintiff received a verbal reprimand from the IBC Control Tower for talking through the fence. While the Michigan Department of Corrections (MDOC) issued Plaintiff a Notice of Intent to Conduct an Administrative Hearing (Notice of Intent), Plaintiff never received a copy of the Notice of Intent or a hearing.

Two days later, Plaintiff observed Defendant Vroman talking with Defendant Brown during his Assaultive Offenders Program (AOP). After Defendant Brown returned to class, Plaintiff was ordered to the IBC Control Center. At the Control Center, Defendant Vroman reviewed the Notice of Intent and instructed Plaintiff to return to his housing unit in order to pack because he was being transferred from IBC, a Level I facility, to a Level II facility. According to Plaintiff's MDOC Security Classification Screen Report, the MDOC found Plaintiff's behavior not to be suitable for a Level I facility. (Compl. at 6; Attach. 1 to Compl., May 15, 2007 MDOC Security Classification Review, docket #1.) Once the MDOC transferred Plaintiff, Plaintiff was denied placement in the AOP. Plaintiff is afraid that the Michigan Parole Board will deny his parole if he is not involved in AOP. (Attach. 1 to Compl., July 10, 2007 Prisoner Kite.)

Plaintiff complains of several constitutional violations. First, Plaintiff argues that he was denied an administrative hearing and a copy of his Notice of Intent in violation of his due process rights. (Compl. at 5.) Second, Plaintiff alleges that he was denied his right to mental health care under the Eighth Amendment by Defendant Brown. (*Id.* at 5, 7.) Third, Plaintiff claims that Defendant McKee "covered up Defendant Vroman's retaliatory action by failing to investigate Plaintiff's grievances." (*Id.* at 6.) Fourth, Defendants Brown and Vroman allegedly entered into a conspiracy to remove Plaintiff from the AOP. (*Id.* at 6-7.) Fifth, Defendant Vroman supposedly retaliated against Plaintiff by transferring him to a higher security level prison after a "minor infraction of the prison rules." (*Id.* at 6-7, 9.) Sixth, Plaintiff claims to have a liberty interest in the AOP under the Fourteenth Amendment. (*Id.* at 8.) Finally, Plaintiff asserts that Defendants violated the Administrative Procedures Act. (*Id.* at 2.)

For relief, Plaintiff requests declaratory and injunctive relief and compensatory and punitive damages. Plaintiff also requests to be released on parole. (Compl. at 7-9.)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Cognizability**

Among Plaintiff's requests for relief, Plaintiff expressly seeks release on parole. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Plaintiff's request to be paroled is barred by *Heck*, 512 U.S. 477. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ

of habeas corpus." *Id.* at 486-87 (footnote omitted).  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).  Plaintiff's request for relief clearly calls into question the validity of his criminal conviction.  Therefore, Plaintiff's request to be paroled is barred under *Heck* until his conviction has been invalidated.

B. **First Amendment**

Plaintiff alleges that Defendant Vroman retaliated against him because Plaintiff violated a prison rule by yelling through the fence.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394.  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff admits that he violated a prison rule by yelling to his former fiancé in the prison yard.  A prisoner's conduct, which violates a constitutional prison regulation, is not protected conduct.  *See Lockett v. Suardini*, __ F.3d __, No. 06-2392, 2008 WL 2037610, at *7 (6th Cir. May

14, 2008) (a prisoner's act of calling the hearing officer a "foul and corrupt bitch" was not protected conduct because such behavior fell within the definition of "insolence" under the MDOC Policy Directive governing prisoner misconduct.) As Plaintiff was not engaged in protected conduct, his First Amendment claim fails to state a claim.

      C.    **Fourteenth Amendment**

Plaintiff claims that Defendants violated his due process rights because he was denied an administrative hearing and a copy of his Notice of Intent; he was transferred to a Security Level II prison; and he was denied placement in the AOP. To establish a procedural due process violation, a petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir.2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-395 (2005); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). The *Sandin* Court concluded that mere placement in administrative segregation did not

implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484.

First, Plaintiff does not have a federally cognizable liberty interest in participating in rehabilitative treatment programs, such as the Assaultive Offenders Program. Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or educational programs"). Under those authorities, Plaintiff fails to state a due process claim arising from the MDOC's decision to deny him admission to the AOP.

Second, Plaintiff has no constitutional right to any particular placement in a prison or security classification. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . . ." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody*, 429 U.S. at 88 n.9. The Sixth Circuit has followed the Supreme Court's rulings in a variety

of prison placement and security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). A change in security classification to a higher level of security, with nothing more, is not the type of atypical and significant deprivation in which an inmate might have a liberty interest. *See Sandin*, 515 U.S. at 485-86; *Rimmer-Bey*, 62 F.3d at 790-91; *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Therefore, Plaintiff fails to state a due process claim for his transfer to a Security Level II facility.

Because Plaintiff had no liberty interest in his prison placement or rehabilitative programs, he was not entitled to any due process procedures. As a result, the failure to provide Plaintiff with a Notice of Intent or a hearing does not state a constitutional violation.

   D. **Eighth Amendment**

Plaintiff alleges that he was denied his right to mental health care under the Eighth Amendment when he was denied the right to participate in the AOP. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth

Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The court notes that the Eighth Amendment requires prison officials to provide medically necessary mental health treatment to inmates. *See Estelle*, 429 U.S. at 103; *Gov't of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at * 2 (6th Cir. Apr. 26, 1985).

In this case, Plaintiff attempts to equate participation in the AOP, which is required in order for Plaintiff to qualify for parole, to actual medical treatment. However, Plaintiff does not allege that his participation in the AOP was prescribed by a physician. Nor has Plaintiff alleged any specific mental health needs indicating that his participation in such a program was medically necessary. The fact that Plaintiff will not be eligible for parole because of his failure to complete the AOP does not constitute a serious medical need. As stated above, Plaintiff does not have a constitutional right to participate in a rehabilitative program. *Moody*, 429 U.S. at 88 n.9; *Antonelli*, 81 F.3d at 1431; *Rizzo*, 778 F.2d at 531. Therefore, Plaintiff fails to state an Eighth Amendment claim.

      E.    **Defendant McKee**

Plaintiff fails to make specific factual allegations against Defendant McKee, other than his claim that he failed to conduct an investigation in response to Plaintiff's grievances. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575-76; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881,

888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendant McKee engaged in any active unconstitutional behavior. Accordingly, I recommend that Plaintiff's claims against Defendant McKee be dismissed.

F. **State Law**

Plaintiff alleges that Defendants violated the Administrative Procedures Act and engaged in a conspiracy to deprive Plaintiff of his constitutional rights. (Compl. at 2, 6.) Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 remedies violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No.

97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998). Therefore, I recommend that Plaintiff's state law claims be dismissed without prejudice.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). I also recommend that Plaintiff's state law claims be dismissed without prejudice. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:   October 8, 2008                 /s/  Joseph G. Scoville
                                         United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).