UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES KIRKLAND,

    Plaintiff,

v.

KENNETH MCKEE, et al.,

    Defendants.
                                      /

File No. 1:08-cv-861

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On October 8, 2008, United States Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R"), recommending that Plaintiff Kenneth McKee's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim. (Dkt. No. 4.) Plaintiff has filed objections to the R&R. (Dkt. No. 7.) For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court.

This Court is required to make a *de novo* determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff first objects to the determination in the R&R that Plaintiff does not have a liberty interest in obtaining release on parole. In his objections, Plaintiff appears to rely on the Michigan Court of Appeals opinion in *In re Parole Glover*, 575 N.W.2d 655 (Mich. Ct. App. 1997), which held that a Michigan prisoner has a protectible liberty interest in obtaining release on parole. However, that holding was overturned in *Glover v. Michigan Parole Board*, 596 N.W.2d 598 (Mich. 1999). In its opinion, the Michigan Supreme Court noted that it was bound to follow the *majority* opinion in *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979), not the dissenting opinion followed by the court of appeals. *Glover*, 596 N.W.2d at 603-04. Plaintiff offers no authority to the contrary.

Plaintiff also objects that, though Section 1983 does not provide redress for state law, the Magistrate Judge "fails to give proper consideration to the facts which show that the Plaintiff's rights under the 8th and 14th Amendments were violated." (Dkt. No. 7, Obj. 4.) However, Plaintiff does not indicate which facts the Magistrate should have considered, or how the facts alleged in the complaint suffice to state a § 1983 claim. Moreover, upon *de novo* review, the Court agrees with the R&R that Plaintiff's complaint fails to state a claim for violation of the United States Constitution or any federal law. Having conducted the required review with respect to the remainder of Plaintiff's objections to the R&R, the Court finds that Plaintiff's objections are without merit, and the Court concurs with the conclusions in the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 7) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff Kenneth McKee's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated: June 2, 2009              /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE